# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4798 | **DATE** | 2/7/2003 |
| **CASE TITLE** | Daniel J. Voelker vs. Porsche Cars North America Inc., et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due .
(3) ☐ Answer brief to motion due . Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants PCNA, PFS, PLL, Lundsden and Ray's Motion to Dismiss is granted. Counts I, II, III, VI, VIII, IX, X, XI, XII, XIV, XV and XVIII are dismissed. Defendant Copans Motion to Dismiss is also granted. Counts I, II, VI, VIII, IX, X, XI and XIV are dismissed. The Court relinquishes jurisdiction over this matter and remands the case to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | | Document Number |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone | FEB 10 2003 date docketed |
| ✓ | Docketing to mail notices. | 44 |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAP courtroom deputy's initials | | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT   **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
FEB - 7 2003

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED

FEB 1 0 2003

DANIEL J. VOELKER,

        Plaintiff,

v.

PORSCHE CARS NORTH AMERICA, INC., et al.,

        Defendants.

Case No. 02 C 4798

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

On September 20, 2001, the plaintiff, Daniel J. Voelker ("Voelker") was involved in a motor vehicle accident with defendant, Walter Dreikosen ("Dreikosen"). At the time, Voelker was driving a 2001 Porsche 911 Turbo coupe automobile. Dreikosen was driving a Chevrolet 1500, a so-called Sports Utility Vehicle ("SUV"). Dreikosen ran a stop sign and his vehicle impacted with the driver's side of the Porsche at a speed of approximately 25 miles per hour. The impact caused approximately $25,000 damage to the Porsche and personal injuries to Voelker. Although the Porsche was equipped with driver's side air bags at the time of the accident they failed to inflate because the sensor that causes the inflation was located too low to the ground on the Porsche to make contact with a large vehicle such as an SUV.

The Porsche automobile was manufactured in Germany by Dr. Ing. H.C.F. Porsche AG and imported into the United States by Porsche Cars North America, Inc. ("PCNA"). Porsche Financial Services ("PFS") is a financing arm of PCNA and Porsche Leasing, Ltd. ("PLL"), a

subsidiary of PFS, and is the owner of the Porsche automobile in question. Copans Motors, Inc., d/b/a Champion Motors ("Copans"), is an authorized Porsche dealer that leased the subject Porsche to Voelker. The lease agreement contained a limited warranty to replace or repair any defective parts. Subsequently, Copans assigned the lease to PFS. Chuck James ("James"), District Service Manager; Brent Feely ("Feely"), District Parts Manager; and G.M. Lumsden ("Lumsden") are all employees of PCNA. James Ray ("Ray") is the director of credit operations and customer service of PFS.

After the accident, the Porsche was towed to Europa Imports for repairs. Voelker subsequently ordered replacement parts needed to repair the vehicle from the Porsche Exchange, an authorized Porsche dealer. Due to delay in obtaining replacement parts, the vehicle remained in the repair shop for almost two months. Because of the delay, Voelker notified PFS that he would no longer make any further lease payments. He also insisted that he receive a certification that the side air bags were operable. Subsequently, PCNA agreed to make certain of the lease payments to PFS while the Porsche was inoperable. Ray, however, notified Voelker that PFS would refuse to accept payments from PCNA because to do so would violate unidentified banking laws. However, PCNA then made these payments directly to Voelker. Six months after the accident, the Porsche still was not repaired, apparently because replacement parts were in very short supply, and Voelker was not making his lease payments. At this time attorneys for PFS made demand on Voelker to surrender the vehicle so

that the same could be sold at auction due to overdue lease payments. PFS took the position that it had no duty to repair because the damage was due to an accident and not due to defective parts. Subsequently, Voelker's Diners Club Card was cancelled because PFS reported to credit agencies that Voelker was more than ninety days delinquent in his PFS account.

As a result of the above, Voelker filed an eighteen-count complaint in the Circuit Court of Cook County which was timely removed to this court, based on this court's original jurisdiction of claims made under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310.8 et seq.; the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq.; and the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Count I is based on breach of express warranty; Count II is for violation of the Illinois Lemon law; Count III alleges spoliation of evidence; Counts IV and V are based on the Illinois Consumer Fraud Act; Count VI alleges fraudulent inducement; Count VII alleges fraudulent misrepresentations; Counts VIII and IX allege violation of Magnuson-Moss for breach of express warranty and implied warranty of merchantability; Count X alleges revocation of acceptance in violation of Illinois law; Count XI violation of Illinois Consumer Fraud Act; Count XII alleges tortious interference with contract; Count XIII is a strict products liability claim; Count XIV alleges violation of the federal Truth in Lending Act; Count XV alleges breach of the lease agreement; Count XVI is a state negligence claim;

Count XVII seeks declaratory judgment; and Count XVIII alleges violation of the Fair Credit Reporting Act.

The Defendants PCNA, PFS, PLL, Lunsden and Ray have moved to dismiss Counts I-III, VI, VIII-XV, and XVIII. Voelker concedes that Counts X and XIV should be dismissed but contests the motion on the other counts. The Defendant, Copans Motors Inc., has filed a separate motion to dismiss Counts I, II, IV, VIII, IX, X, XI, XIII and XIV.

## DISCUSSION

### *Counts I and II*

Counts I and II are brought the Illinois UCC, 810 ILCS 5/1-101, *et seq.* and the Illinois Lemon Law, 815 ILCS 380/1 *et seq.* respectively, against PLNA, Porsche and Copans. The motion is based on defendants' argument that both statutes limit coverage to "express warrant[ies]." The complaint instead shows that the defendants gave only a "Limited Warranty" of "repair or replace. . . ." The Illinois Appellate Court for the First District has held that such a limited warranty "does not fit the definition of warranty under the Commercial Code [and the Illinois Lemon Law]. . . . It does not 'warrant' the quality of the vehicle or the performance." The promise to repair is an obligation under the lease agreement and makes no promise as to the quality of the good leased. *Cosman v. Ford Motor Co.*, 220 Ill.Dec. 790, 795 (1996). Voelker argues that a later First District case, *Hasek v. DaimlerChrysler Corp.*, 253 Ill.Dec. 504, 515 (2001), appears "implicitly to reject" the holding

of *Cosman*. However the *Hasek* decision does not mention *Cosman* and its holding is purely *dicta* since the plaintiff Hasek failed to prove a violation of the replace or repair warranty in question. Moreover, the court held that the plaintiff had to prove a defect and a failure to repair as part of its case and not merely a defect. The court will follow *Cosman* and, to the extent that the two decisions are inconsistent, predicts that the Illinois Supreme Court will follow *Cosman*. Since the Illinois Lemon law adopts the definition of express warranty from the UCC, both Counts I and II are dismissed.

### Count III

Count III alleges a claim for spoliation of evidence due to the anticipated sale of the Porsche in question. Defendants move to dismiss on the ground that the complaint does not allege that the vehicle has in fact been sold. Voelker in his response alleges that defendant was threatening to sell the vehicle and may have done so on December 12, 2002. A party cannot amend a complaint by a responsive brief. As the complaint stands, there is no allegation that evidence has been spoiled. Count III is dismissed.

### Count VI

In this count Voelker purports to state a claim for fraudulent inducement based on website statements made by PCNA and Copans concerning safety and the efficacy of the side-impact protection system of the Porsche 911. The first statement is not demonstrably false. Presumably Porsche is committed to safety. A statement to that effect, at most, would be a statement of opinion or puffing and

represents an anticipated future course of conduct. *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991). As such, it cannot be a basis for fraudulent inducement. The second statement is also true: the car was equipped with side air-bags. The fact that a certain type of accident might not inflate the air bags does not render the statement false. Presumably any vehicle high enough off the ground to pass over the top of the Porsche would not cause the bags to be inflated. Count VI is dismissed.

### Counts VIII and IX

These two counts are breach of warranty claims brought under the Magnuson-Moss Act. However, the Act only applies to purchased goods and not to leased products. *DiCintio v. DaimlerChrysler Corp.*, 768 N.E.2d 1121, 1124 (N.Y. 2002); *Diamond v. Porsche Cars North America, Inc.*, 2002 WL 31155064 (N.D. Ill. Sept. 26, 2002). Counts VIII and IX are dismissed.

### Count XI

This count attempts to allege a consumer fraud claim against PCNA and Lumsden based on letters Lumsden wrote Voelker which he interprets as giving him "legal advice" that was incorrect and moreover constitutes unauthorized practice of law. How the letters Lumsden wrote could constitute legal advice is beyond the court's imagination. No one would ever expect to receive legal advice from an adversary. It is clear that an adversary relationship existed between PCNA and Voelker at the time of the letter since she was responding to Voelker's letter where he expressed an intent to seek

a remedy against PCNA under the Illinois New Vehicle Buyer Protection Act. If Voelker is right, any time an attorney responds to an opponent he could be subject to a possible malpractice claim. Count XI is dismissed.

### Count XII

This count alleges that PFS and Ray interfered with Voelker's warranty rights and thus constituted tortious interference with contract. The contract allegedly interfered with is the warranty obligations in the lease agreement. However, the repairs were occasioned by an automobile accident, not defective parts. Consequently the contract allegedly interfered with does not apply. Count XII is dismissed.

### Count XIII

Defendants withdraw their motion to dismiss Count XIII until such time as Porsche, the manufacturer of the vehicle in question, is served with a Summons and before the court.

### Count XV

Voelker alleges that Copans and PFS violated the lease agreement by failing to lease a vehicle that could be register and driven in Illinois. However the vehicle was registered and driven in Illinois, apparently legally. Accordingly, Count XV is dismissed.

### Count XVIII

Voelker attempts to allege a violation of the Fair Credit Reporting Act. However, the act is only triggered where a consumer reporting agency notifies the creditor that the debtor disputes the

debt. *Dornhecker v. Ameritech Corp.*, 99 F.Supp. 2d 918, 928 (N.E.Ill. 2000). The complaint fails to allege that the act was so triggered. Count XVIII is dismissed.

## CONCLUSION

For the reasons set forth above, the Defendants PCNA, PFS, PLL, Lunsden and Ray's Motion to Dismiss is granted. Counts I, II, III, VI, VIII, IX, X, XI, XII, XIV, XV, and XVIII are dismissed.

Defendant Copans Motion to Dismiss is also granted. Counts I, II, VI, VIII, IX, X, XI and XIV are dismissed.

Since the basis for this court's jurisdiction was the claims under the Magnuson-Moss, the Truth in Lending, and the Fair Credit Reporting Acts, which have now been dismissed, the court relinquishes jurisdiction over this matter and remands the case to the Circuit Court of Cook County.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: February 7, 2003