Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4798 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Daniel J. Voelker vs. Porsche Cars North America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Motion for Summary Judgment is DENIED. The Court sua sponte GRANTS Summary Judgment on Count VIII in favor of Defendants. Given the proximity to the trial date, the Court will continue to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims.

(11) ■ [For further detail see order attached to the original minute order

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 79 |
| ✓ | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 SEP 30 AM 7:52 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS FILED
EASTERN DIVISION
SEP 2 9 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
SEP 3 0 2004

DANIEL J. VOELKER,

    Plaintiff,

v.

PORSCHE CARS NORTH AMERICA,

    Defendant.

Case No. 02 C 4798

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

This case involves the lease of a Porsche 911 Turbo coupe (the "Porsche"). Before the Court is Plaintiff's (hereinafter, "Plaintiff") Motion for Summary Judgment on Count VIII of the Complaint for breach of a written warranty under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act ("the Act"), 15 U.S.C. § 2301 *et. seq* against Defendants Porsche Cars of North America (hereinafter, "PCNA") and Copans Motors, Inc. d/b/a Champion Motors (hereinafter "Copans"). For the following reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment, and *sua sponte* **GRANTS** Summary Judgment in favor of the Defendants.

### I. INTRODUCTION

#### A. Factual Context

The following material facts are either undisputed, deemed admitted by operation of Local Rule 56.1, or taken in the light most favorable to the non-movants. In June 2001, Plaintiff entered into a lease agreement with Copans and Porsche Financial Services

("PFS") for a 2001 Porsche 911 Turbo coupe automobile (the "Lease"). On September 20, 2001, Plaintiff was involved in a motor vehicle accident with Walter Dreikosen in Illinois. Dreikosen, while driving a sports-utility vehicle, ran a stop sign and, at a speed of about 25 miles per hour, collided into the driver's side of Plaintiff's Porsche. The side airbag system in the Porsche did not deploy during the collision. Plaintiff was injured from the collision, and the Porsche sustained substantial damages.

According to the Lease, Plaintiff's Porsche was covered by a "standard manufacturer's new vehicle warranty" (Lease, ¶ 12). The Porsche's limited warranty, entitled "New Car Limited Warranty" (the "Limited Warranty"), was offered by PCNA and provided to Plaintiff, in writing, at the time that he entered into the lease. (DJV 0609, 0618). The Limited Warranty provided, in relevant part:

> **Warranty Coverage**
> Porsche Cars N.A. will repair or replace with a new or remanufactured part distributed by Porsche Cars N.A., at its sole option, any factory installed part that is **defective in material or workmanship** under normal use. (Normal vehicle use is described in this Booklet.) Warranty repairs will be made free of charge for parts and labor at an authorized Porsche automobile dealer ...
>
> **To Get Warranty Service Under the New Car Limited Warranty**
> You must take your car, along with proof of purchase date, to an authorized Porsche automobile dealer during normal service hours. If the car is not driveable because of a defect covered by this warranty, call for Porsche Roadside Assistance and your Porsche automobile will be transported to the nearest authorized Porsche dealership . . .

> **This Warranty Does Not Cover:**
> . . . Improper repairs by someone other than Porsche Cars N.A. or its authorized dealers
> . . . Abuse, accident, acts of God, competition, racing or track use or other events beyond the control of Porsche Cars N.A. . . .

(DJV 0618-9)(emphasis added). The Limited Warranty booklet also contained the following disclaimer:

> **All of the Warranties described in this Booklet are Subject to the Following Limitations and Disclaimers**
>
> **Responsibilities**
> Porsche Cars N.A. disclaims any responsibility for loss of time or use of your car as well as any other incidental or consequential expenses or damages . . .

(DJV 0615).

The collision rendered the Porsche inoperable, and it was towed to Europa Imports for repairs. Under the Lease, only Porsche parts could be utilized for repair. Plaintiff requested that Europa Imports order the necessary Porsche parts for repair from Porsche Exchange, an authorized Porsche dealer. After waiting two months, the replacement parts were still unavailable and the car remained inoperable. Plaintiff grew frustrated and informed PFS that he did not intend to make further payments on the car, and at some point stopped making payments. The replacement parts remained unavailable. Plaintiff voluntarily surrendered the Porsche on July 5, 2002.

### B. Procedural History and Seventh Circuit Decision

Plaintiff filed an eighteen-count Complaint in the Circuit Court of Cook County alleging that Defendants violated both federal

and state laws. The Defendants removed the action to federal court. The Court granted Defendants' partial motions to dismiss and dismissed all of Plaintiff's federal claims and most of Plaintiff's state law claims. The Court then remanded the remaining state claims to state court. Plaintiff appealed. On appeal, the Seventh Circuit affirmed and upheld the Court's dismissal of each claim except Plaintiff's Count VIII for breach of a written warranty under the Act. See Voelker v. Porsche Cars North American, et. al, 353 F.3d 516 (7th Cir. 2003).

In affirming the dismissal of Plaintiff's breach of express warranty claim under Illinois UCC and Lemon Law, the Seventh Circuit held that Plaintiff "failed to state a claim for breach of express warranty." Id. at 527. In so holding, the Court concluded that Plaintiff's Complaint alleged that the airbag's failure to deploy was a design defect, and that "Voelker points to no part of the record showing that a warranty against defective design was part of his contract with any defendant." Id.(emphasis added). The Seventh Circuit further concluded that the "New Car Limited Warranty was made by Porsche, not Copans." Id. at 526, n. 3. The Seventh Circuit also rejected Plaintiff's argument that Defendants' breached an express warranty to Plaintiff by failing to repair the car after the accident. Id. at 526.

In affirming the dismissal of Plaintiff's implied warranty of merchantability claim under the Act, the Seventh Circuit concluded

that PCNA was properly dismissed because there was no privity of contract between Plaintiff and PCNA. Id. at 525. The Seventh Circuit also affirmed the dismissal of Copans because the Lease contained a clear and conspicuous written disclaimer that "sheild[ed] Copans from suit for breach of the implied warranty of merchantability under Illinois law." Id. at 526.

Despite its disposition of the implied warranty and express warranty claims as discussed above, the Seventh Circuit reversed the Court's dismissal of Count VIII of Plaintiff's complaint for breach of written warranty under the Act. The Seventh Circuit disagreed with the Court's disposition of the claim because the Court dismissed on the grounds that as a lessee, Plaintiff did not qualify as a "consumer" under the Act. The Seventh Circuit held that "Plaintiff may proceed as a category three consumer regarding his claim for breach of written warranty under the Magnuson-Moss Act." Id. at 525. Plaintiff now seeks summary judgment on Count VIII.

## II. **LEGAL STANDARD**

### A. **Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact

is "material" if it could affect the outcome of the suit under the governing law; a dispute is "genuine" where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden is initially upon the movant to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing the movant's claim, the court must view all the evidence and any reasonable inferences that may be drawn from that evidence in the light most favorable to the nonmovant. Miller v. Am. Family Mut. Ins. Co., 203 F.3d 997, 1003 (7th Cir. 2000). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations" contained in its pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990); Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 620 (7th Cir. 1989). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### B. Magnuson-Moss Act

The Act provides a right of action for a consumer of a consumer product to bring suit against a supplier or warrantor for failing to comply with the Act or a written or implied warranty.

See 15 U.S.C. § 2310(d)(1). Under the Act, a warrantor must "conspicuously designat[e]" a warranty as either a "full (statement of duration) warranty" or a "limited warranty." Id. at § 2303. The Act sets out minimum standards for full warranties but not limited warranties. See id. § 2304. "Limited warranties are, therefore, not governed by the Magnuson-Moss Act but by the [state] UCC." Razor v. Hyundai Motor America, 813 N.E.2d 247, 257 (Ill. App. Ct. 2004). Under the Illinois UCC, to prove that a defendant breached a written limited warranty, a "plaintiff ha[s] to prove: '(1) the existence of a defect in the automobile covered by a warranty; (2) compliance with the terms of the warranty by plaintiff; (3) plaintiff afforded defendant a reasonable opportunity to repair the defect; and (4) defendant was unable to repair the defect after a reasonable time or a reasonable number of attempts.'" Id. at 258 (citations omitted)(emphasis added). See also Hasek v. Daimlerchrysler Corp., 745 N.E.2d 627, 639(Ill. App. Ct. 2001) (holding that the Act applied to the written warranty, and noting that the "elements necessary to prove a cause of action under the UCC for breach of express warranty are, in essence, the same under the Act").

### III. DISCUSSION

As discussed, the Seventh Circuit has already held that Plaintiff qualifies as a category three consumer under the Act, and there is no dispute that an automobile qualifies as a consumer

product. The Limited Warranty has been clearly and conspicuously designated a "limited warranty," see 15 U.S.C. § 2303, and as such, is governed by the Illinois UCC. See Razor v. Hyundai Motor America, 813 N.E.2d 247, 257 (Ill. App. Ct. 2004).

Plaintiff's Complaint alleges the following with respect to the Porsche's airbags:

> The subject vehicle's side airbags are defective and non-conforming in that they do not address "actual" or "real-world" crash conditions as they do not deploy when the subject vehicle is impacted in the driver's door - even at a rate of speed in excess of 25 miles per hour - by a sports-utility vehicle ("SUV") . . . This defect or condition is unique to the subject vehicle and other 1998, 1999, 2000, 2001, and 2002 model year 911 Porsche Models. The subject vehicle has too few crash sensors or trigger points to work properly and as represented to work by Defendants and those crash sensors or trigger points are too low to ground to deploy the side airbags. The crash sensors are also believed to be of poor quality.

Complaint, ¶ 43-44)(emphasis added). Count VIII of Plaintiff's Complaint alleges that Porsche, PCNA and Champion breached the Limited Warranty because "the subject vehicle manifested various non-conformities, including, but not limited to, non-operational and defective side airbags and the lack of adequate repair parts to repair the subject vehicle." (Complaint, ¶ 122).

In his supporting memorandum, Plaintiff contends that Defendants PCNA and Copans violated the Act in three ways. First, Copans' counsel made repeated representations to Plaintiff that the lease was "as is" and "without warranty." Such representations constituted a refusal by PCNA to honor the warranty and amounted to

an anticipatory repudiation. (Supp. Mem., at 3-4). Second, the "failure by PCNA to fully, clearly and conspicuously state in the written warranty that PCNA did not intend to honor claims made under the written warranty (or reserved the right not to do so by those who leased) . . . is itself a violation of the Act." Id. at 3. Finally, "the proper deployment of the air bags is a warranted item," so the failure to deploy is a breach of the Limited Warranty under the Act. Id. at 4.

Defendants assert that Plaintiff has abandoned the theories of liability in the Complaint, and has improperly offered three new theories in supporting memorandum. Defendants respond to Plaintiff's "as is" argument by contending that Copans is not subject to liability under the Act because, as previously found by the Seventh Circuit, "[t]he New Car Limited Warranty was made by Porsche, not Copans." Voelker, 353 F.3d at 525, n. 3. Thus, "insofar as Copans is concerned, Plaintiff leased the Porsche 'as is.'" (Mem. In Opp., at 3).

Second, Defendants respond that the Limited Warranty does not cover design defects or supply of replacement parts. In support of its contention, Defendants cite to the Seventh Circuit's holding that Plaintiff did not present evidence that the Limited Warranty covered the design defects Plaintiff alleged in the Complaint. See Voekler, 353 F.3d at 526-527. Additionally, the Limited Warranty

- 9 -

does not make representations regarding the supply of replacement parts for accidents.

Finally, Defendants respond that any representations made by or on behalf of Copans to Plaintiff were made in the course of settlement discussions and are inadmissible under FED. R. CIV. P. 408. Additionally, any such statements do not amount to a refusal by PCNA to honor the warranty as the statements were allegedly made by Copans rather than PCNA, and that Plaintiff has "submit[ted] no evidence that he was denied repairs that should have been covered by the New Car Limited Warranty." (Mem. In Opp., at 5).

Plaintiffs reply that Defendants have failed to controvert Plaintiffs proposed undisputed facts regarding the "as is" and "without warranty" representations by or on behalf of Copans, and "consequently, this Court should grant Plaintiff's motion and enter judgment in Plaintiff's favor as requested." (Reply Mem. At 3). Further, the representations are relevant and were not made in the course of settlement discussions.

Plaintiffs also respond that "Plaintiff's uncontroverted facts show that . . . the proper operation of the side airbags was a warranted item." (Reply Mem., at 6). As support, Plaintiff cites to an answer by PCNA that the proper operation of the air bag installed on the subject vehicle is covered under the new vehicle warranty. (Defendants Ans., ¶ 3). The Court notes that

Defendants' answer to interrogatory 3 does not support Plaintiff's assertion because such answer relates to one subject car's airbag operation rather than airbag operational problems affecting multiple models of cars as alleged in Plaintiff's Complaint. See id.; Complaint, ¶ 43. Plaintiff additionally states that "we may never know whether the side airbags of only the subject vehicle were defective and needed to be repaired or replaced or whether the side airbags in all Porsche 911's are defective and need to be repaired or replaced. This is not a so-called design defect, but instead, is a defect in the operation of the side airbags in Plaintiffs vehicle." Id. at 7 (emphasis added).

Under Illinois law, to prove that Defendant breached the Limited Warranty, the Plaintiff must first show that the automobile had a defect that is covered by the warranty. See Razor v. Hyundai Motor America, 813 N.E.2d 247, 257 (Ill. App. Ct. 2004). It is uncontroverted that the Porsche's air bag did not deploy in the accident. The initial inquiry is whether Plaintiff alleged a defect in the Complaint that was covered by the Limited Warranty. In the Complaint, the Plaintiff alleged that the failure to deploy was a design defect with the airbag, ". . . This defect or condition is unique to the subject vehicle and other 1998, 1999, 2000, 2001, and 2002 model year 911 Porsche Models." (Complaint, ¶ 43)(emphasis added).

Here, the plain language of the Limited Warranty does not does mention or cover design defects and makes no representations about the supply of replacement parts. Additionally, the plain language of the Limited Warranty explicitly excludes accidents from coverage, and disclaims "any responsibility for loss of time or use of your car." (DJV, 0619, 0615). The Seventh Circuit already concluded that Plaintiff alleged a design defect with the airbag deployment in the Complaint, and that Plaintiff failed to point to evidence that the defect was covered by the Limited Warranty. Voelker, 353 F.3d at 527. The Seventh Circuit accordingly held that "Voelker has failed to state a claim for breach of express warranty insofar as he relies on the allegedly defective design of the airbag system." Id. Plaintiff did not seek leave to amend the Complaint and has not amended the Complaint to include other allegations regarding the air bag deployment problem. In fact, Plaintiff appears to raise the air bag deployment as anything other than a design defect for the first time in supporting memorandum. The Court disagrees with Plaintiff's assertion that the uncontroverted facts show that the Limited Warranty covered the defect. Thus, the Court concludes that Plaintiff has failed to establish that the car had a defect that was covered under the Limited Warranty, and as such, has failed to prove that Defendants breached the Limited Warranty.

Further, Plaintiff has failed to present evidence to establish that he complied with the terms of the Limited Warranty. Defendants assert in their Local Rule 56.1 additional facts that Plaintiff did not take the car to an authorized Porsche Dealer for repairs as required under the warranty. (Def. St. Add. Fact, ¶ 58). Plaintiff did not respond to this assertion.

Instead, Plaintiff repeatedly urges the Court to accept as undisputed fact alleged representations made by Copans' counsel that the Lease was "as is" or "without warranty" as evidence of PCNA's refusal to honor the Limited Warranty. Defendants object to the alleged representations on the grounds that such "facts" are immaterial, the affidavits are not supported by personal knowledge, and the representations are inadmissible under Fed. R. Civ. P. 408 even if true because such statements were made during settlement negotiations.

Here, all evidence must be construed in the light most favorable to Defendants as non-movants. See Miller v. Am. Family Mut. Ins. Co., 203 F.3d 997, 1003 (7th Cir. 2000). Further, "affidavit in support of or opposing summary judgment must be made on personal knowledge, [and] set forth facts that would be admissible in evidence . . . Affidavits containing hearsay, affidavits containing opinion testimony that would not be admissible if testified to at the trial, and affidavits containing conclusions of ultimate facts and law will be disregarded to the

extent of the impropriety." Bunty v. Shell Oil Co., 1972 WL 643 *4 (D. Nev. 1972). Here, the Court notes that such allegedly undisputed facts are principally supported by Plaintiff's own affidavit and contain hearsay. The Court further observes that the alleged representations are not material to resolving the issues presented by Count VIII under Illinois law, namely whether Plaintiff alleged in the Complaint a defect covered by the Limited Warranty and complied with Limited Warranty. Due to Plaintiff's failure to prove the initial two prongs of Defendants' liability for breaching the Limited Warranty under the applicable law, Plaintiff's Motion for Summary Judgment is **DENIED**.

There are no issues of fact that exist with regard to the breach of written warranty under the Act. The Court, therefore, sua sponte evaluates whether Defendants are entitled to summary judgment on Count VIII. The Seventh Circuit has advised that "[g]ranting summary judgment sua sponte warrants special caution. Summary judgment may be granted by a district court 'for a party without a motion, when the outcome is clear, so long as the opposing party has had an adequate opportunity to respond.'" Sawyer v. United States, 831 F.2d 755, 759 (7th Cir. 1987) (citations omitted). See also Giard v. Powers, II., 2003 WL 1888758, *4 (N.D. Ill. 2003). Here, Plaintiff has had the opportunity to be heard on Count VIII of the Complaint and has fully briefed and argued this issue in connection with Plaintiff's

own motion. Accordingly, summary judgment is **GRANTED** in favor of Defendants on Count VIII of the Complaint.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED**. The Court sua sponte **GRANTS** Summary Judgment on Count VIII in favor of Defendants. Given the proximity to the trial date, the Court will continue to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: September 29, 2004